# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DEVITO ORTHODONTICS, P.A., a Florida corporation, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 8:14cv963-T24TBM<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| I CARE CREDIT, LLC d/b/a ICARE FINANCIAL, a Georgia limited liability company, | )<br>)<br>)<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Devito Orthodontics, P.A. ("Plaintiff") brings this class action Complaint against Defendant I Care Credit, LLC d/b/a iCare Financial ("iCare") on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### I. NATURE OF THE ACTION

1. iCare offers consumer financial services, including payment options for services rendered by dental professionals. In an effort to market its products and services, iCare sent unsolicited junk faxes in bulk—"fax blasts"—to unwilling recipients with deficient out-opt notices. Fax advertising shifts the cost of the marketing promotion from the marketer—the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").



TPA 23107

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted iCare to send them faxes.

3. In order to redress these injuries, Plaintiff seeks an injunction requiring iCare to cease all unsolicited faxing and deficient opt-out notice activities, and an award of statutory damages to the Class members under the TCPA, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States. Further, this Court has diversity jurisdiction under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from iCare, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5. This Court has personal jurisdiction over iCare under the Florida long-arm statute, Fla. Stat. § 48.193, because iCare carries on substantial business in the State of Florida and a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. iCare, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred in this District.

## III. PARTIES

*Plaintiff*

7. Plaintiff is a corporation organized in and existing under the laws of the State of Florida with its principal place of business in Pinellas County, Florida. For purposes of § 1332, Plaintiff is a citizen of the State of Florida.

*Defendant*

8. Defendant iCare is a limited liability company organized in and existing under the laws of the State of Georgia with its principal place of business in Cobb County, Georgia. iCare operates under the assumed name iCare Financial. For purposes of § 1332, iCare is citizen of the State of Georgia.

## IV. FACTUAL BACKGROUND

9. On or about March 13, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit A.

10. On or about March 28, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit B.

11. On or about April 10, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit C.

12. On or about April 24, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit D.

13. On or about July 16, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit E.

14. On or about July 22, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit F.

15. On or about July 31, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit G.

16. On or about August 22, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit H.

17. On or about August 26, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit I.

18. On or about September 10, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit J.

19. On or about September 23, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit K. Discovery may reveal the transmission of additional unsolicited fax advertisements.

20. The faxes attached as Exhibit A-K provide the following opt-out notice: "To Opt-out or Unsubsribe please email FaxRemoval@ICareFinancialCorp.com or call (866) 789-1946 and enter your fax #."

21. The opt-out notices in the faxes attached as Exhibits A-K, however, fail to satisfy all of the requirements of 47 U.S.C. § 227(b)(2)(D). For example, the opt-out notices do not state that failure to comply with an opt-out request within the shortest reasonable time is unlawful, as required by 47 U.S.C. § 227(b)(2)(D)(ii).

22. The faxes attached as Exhibits A-K encourage recipients to contact iCare and purchase iCare's consumer financial services.

23. iCare sent the faxes and/or is responsible, as a matter of law, for the actions of the individuals who sent the faxes.

24. iCare's products and services were advertised in the faxes, and iCare derived an economic benefit from the transmission of the faxes.

25. Plaintiff had no prior relationship with iCare and did not consent to the receipt of the above-referenced (or any) fax advertisements from iCare.

26. Indeed, iCare sent the fax attached as Exhibit K after Plaintiff sent a cease and desist letter to iCare on September 17, 2013.

27. On information and belief, the faxes attached as Exhibits A-K were transmitted as part of mass broadcastings, or "blasts," of faxes.

28. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

## V. CLASS ALLEGATIONS

29. Plaintiff brings Count I, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **Unsolicited Fax Class ("Class One")**
> All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendant I Care Credit, LLC d/b/a iCare Financial.

Excluded from Class One are iCare and its subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

30. Plaintiff brings Count II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

### Opt-out Notice Class ("Class Two")

All individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Defendant I Care Credit, LLC d/b/a iCare Financial with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are iCare and its subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

31. Class One and Class Two are collectively referred to as the "Class," unless otherwise stated.

32. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by iCare's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from iCare's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

34. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether iCare engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

b. the manner in which iCare compiled or obtained its list of fax numbers;

c. whether iCare violated the TCPA;

d. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

e. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of iCare's conduct; and

f. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

35. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

36. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

37. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** iCare has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

38. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against iCare, so it would be impracticable for Class members to individually seek redress for iCare's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### Unsolicited Faxes in Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Class One)

39. Plaintiff incorporates by reference the allegations in paragraphs 1-38 if fully set forth herein.

40. iCare and/or its agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(1)(C).

41. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and Class One.

42. As a result of iCare's unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## COUNT II
### Insufficient Opt-out Notices in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)
### (On Behalf of Class Two)

43. Plaintiff incorporates by reference the allegations in paragraphs 1-38 if fully set forth herein.

44. iCare's faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D). Namely, the notices do not:

   a. appear clearly and conspicuously on the first page of the fax as required by § 227(b)(2)(D)(i);

   b. state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii); and

   c. include a fax number to use for an opt-out request, pursuant to § 227(b)(2)(D)(iv)(I).

45. As a result of iCare's unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

### VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

### VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff DeVito Orthodontics, P.A., individually and on behalf of the Class, requests that the Court enter an Order as follows:

   A. Certifying the Class as defined above, appointing Plaintiff DeVito Orthodontics, P.A. as the representative of the Class, and appointing its counsel as Class Counsel;

   B. Awarding actual and statutory damages;

C. Enjoining iCare from sending unsolicited facsimile advertisements with deficient opt-out notices;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: April 21. 2014

Respectfully submitted,

DEVITO ORTHODONTICS, P.A., individually and on behalf of all others similarly situated

By: _____
Joseph J. Siprut

By: _____
James M. Thomas

Attorneys for Plaintiff and the Putative Class

Joseph J. Siprut*
*jsiprut@siprut.com*
Gregg M. Barbakoff*
*gbarbakoff@siprut.com*
Ismael T. Salam*
*isalam@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.470.6588

**Pro hac vice* application forthcoming

James M. Thomas, Esq.
*JMThomas@JamesThomasEsq.com*
**LAW OFFICE OF JAMES M. THOMAS, ESQ.**
1581 Main Street
Dunedin, FL 34698
727.736.1900
Fax: 727.736.1991
FL Bar No. 0648590

4817-3174-6586, v. 1